1

2

3

4

5

6                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
7                                   AT SEATTLE

8

9   NATHAN RIENSCHE, individually and on
    behalf of all the members of the class of
10  persons similarly situated,                          No.  C06-1325Z

11                          Plaintiffs,

12  v.                                                   ORDER

13  CINGULAR WIRELESS LLC, a Delaware
    limited liability company, d/b/a Cingular
14  Wireless, NEW CINGULAR WIRELESS
    SERVICES, INC., a Delaware corporation,
15  d/b/a AT&T Wireless, NEW CINGULAR
    WIRELESS SERVICES PURCHASING
16  COMPANY, L.P., a Delaware limited
    partnership, d/b/a Cingular Wireless, and
17  NEW CINGULAR WIRELESS PCS, LLC, a
    Delaware limited liability company, d/b/a
18  Cingular Wireless,

19                          Defendants.

20

21          This matter comes before the Court on Defendant's Motion to Dismiss for Failure to

22  State a Claim, docket no. 24.  Defendant Cingular Wireless LLC ("Cingular") asks that all

23  Plaintiff's claims be dismissed.  Having considered Defendant's motion, response, and

24  supplement, and Plaintiff's response, supplement, surreply, and declaration, the Court now

25  enters the following Order:

26

ORDER   -1-

1

## BACKGROUND

2

Plaintiff Nathan Riensche is an individual who is a cell phone subscriber of Cingular

3

Wireless, LLC ("Cingular").  Mr. Riensche challenges Cingular's collection of a $0.51

4

surcharge imposed on Washington customers to recoup the Washington Business and

5

Occupation tax.  Mr. Riensche's complaint alleges Cingular's collection of the B&O tax

6

violates R.C.W. 82.04.500 by itemizing a $0.51 surcharge on his bill (the "B&O surcharge").

7

Mr. Riensche also alleges that the collection of the surcharge was a violation of

8

Washington's Consumer Protection Act, R.C.W. 19.86.010 ("CPA"), was a breach of

9

contract, and resulted in unjust enrichment of Cingular.  Mr. Riensche seeks class action

10

status, monetary damages, and an injunction prohibiting Cingular from further billing and

11

collecting the surcharge.

12

Cingular has moved to dismiss all of Mr. Riensche's claims for failure to state a

13

claim.  Cingular argues that Mr. Riensche's claims are prohibited by the Federal

14

Communications Act ("FCA") which forbids states from regulating wireless telephone rates

15

and preempts state law to the contrary.  47 U.S.C. §332(c)(3)(A).

16

**Similar Actions**

17

Plaintiff's counsel has filed suit on this issue with other plaintiffs and other carriers.

18

Previously, this Court ruled that the FCA preempted R.C.W. 82.04.500 as it applied to

19

Cingular's collection of the B&O surcharge.  Peck v. Cingular Wireless, No. C06-0343-TSZ,

20

Order, docket no. 61.  This Court also ruled that Mr. Peck's breach of contract claim was

21

preempted because such a claim was inconsistent with the FCA.  Id. at 6.  Mr. Peck has

22

appealed this Order.  Peck, Notice of Appeal, docket no. 70.

23

Plaintiff's counsel also represents two other plaintiffs who are suing Sprint Spectrum,

24

L.P., and Sprint Nextel Corporation alleging nearly identical claims and seeking similar

25

relief. These two cases are pending in this court and consolidated under case No. C06-0592-

26

JCC.  Judge Coughenour, referring to this Court's decision in Peck, ruled that the FCA

preempted any claims predicated on R.C.W. 82.04.500 because they were preempted, but allowed claims for breach of contract and violation of the CPA. <u>Hess v. Sprint Spectrum, L.P.</u>, No. C06-0592-JCC, Amended Order, docket no. 58, at 6–8.

## DISCUSSION

A complaint may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. Proc. 12(b)(6). When evaluating a complaint under this rule, the Court must accept all allegations of material fact as true and construe them in the light most favorable to the non-moving party. <u>Diaz v. International Longshore and Warehouse Union, Local 13</u>, 474 F.3d 1202, 1205 (9th Cir. 2007). If the plaintiff cannot prove any set of facts in support of the claim that would entitle relief, the court may dismiss the claim. <u>Id.</u>

### Preemption

Cingular has moved to dismiss all of Rienche's claims based on federal preemption of R.C.W. 82.04.500 by the FCA. The FCA prohibits states from regulating the rates cellular telephone companies charge customers, but states may regulate other terms and conditions of the service. 47 U.S.C. §332(c)(3)(A); <u>Peck</u>, Order, docket no. 61, at 2; <u>Hess</u>, Order, docket no. 58, at 2. R.C.W. 82.04.500 prohibits passing the B&O tax directly on to customers by a line item charge. <u>Nelson v. Appleway Chevrolet, Inc.</u>, 129 Wn. App. 927 (2005) <u>review granted by</u> 157 Wn.2d 1012 (July 7, 2006). The parties disagree whether the B&O surcharge is a rate and not subject to state regulation rather than a term or condition that a state may regulate.

The FCC has interpreted the prohibition of rate regulation in section 332(c)(3)(a) to preempt state laws that regulate line items such as the B&O surcharge because they are "rates." <u>Second Report and Order in re Truth and Billing</u>, 20 F.C.C.R. 6448, 6462 (2005) ("<u>Second Report</u>") <u>vacated by</u> <u>Nat'l Ass'n of State Utility Consumer Advocates, v. F.C.C.</u>, 457 F.3d 1238 (11th Cir. 2006) (modified on reh'g, 468 F.3d 1272 (11th Cir. 2006)) ("<u>NASUCA</u>"). The FCC's interpretation of an ambiguous statute should be given deference

1    if the statute is ambiguous or silent on the issue at hand, and the agency's interpretation is

2    based on a permissible interpretation of the statute.  Chevron, U.S.A., Inc., v. NRDC, Inc.,

3    467 U.S. 837, 842–43 (1984).  In Peck, this Court decided that the Cingular B&O surcharge

4    was a rate based on the FCC's interpretation.  Peck, Order, docket no. 61, at 5.  This Court

5    went on to hold that R.C.W. 82.04.500 was preempted to the extent it applied to this line

6    item.  Id.  Peck asked the Court to reconsider dismissal in light of an 11th Circuit Court of

7    Appeals decision vacating Second Report.  NASUCA, 457 F.3d at 1254; Peck, Motion for

8    Reconsideration, docket no. 67.  The Court denied the motion for reconsideration.  Peck,

9    Minute Order, docket no. 74.  Even though the Second Report had been vacated and could

10   not be considered precedential, the Court held that 11th Circuit decisions were not binding

11   on this Court.  Id.

12          In Hess, Judge Coughenour decided that a similar Sprint B&O surcharge was a rate

13   based on the holding in Peck and Chevron and that claims based on R.C.W. 82.04.500 were

14   preempted.  Hess, Order, docket no. 58, at 2.  Judge Coughenour also considered but

15   declined to follow the contrary 11th Circuit ruling in NASUCA.  Id.

16          For the reasons set out in Peck and Hess, the Court holds that Riensche's claims based

17   on R.C.W. 82.04.500 are preempted by the FCA.

18          Cingular also argues that application of R.C.W. 82.04.500 is unconstitutional because

19   it violates the dormant commerce clause and because it violates the First Amendment's

20   guarantee of free speech.  It is a longstanding principle of judicial restraint that a court

21   should avoid reaching constitutional questions when resolution of such questions are

22   unnecessary.  Lyng v. Northwest Indian Cemetery Protective Ass'n, 485 U.S. 439, 445

23   (1988); Lee v. Walters, 433 F.3d 672, 677 (9th Cir. 2005).  Given the Court's holding on

24   preemption of R.C.W. 82.04.500, it is not necessary to decide whether the statute is

25   constitutional.  Accordingly, the Court declines to reach the question of the constitutionality

26   of the statute.

**Count I, Breach of Contract**

Riensche alleges that the collection of the B&O surcharge constitutes a breach of the service agreement between Riensche and Cingular because the surcharge is being collected in addition to the agreed calling plan rate.  Cingular argues that this claim is also preempted by the FCA because the claim is ultimately an attack on the B&O surcharge and is therefore preempted.  Similar issues were before this Court and Judge Coughenour's court in Peck and Hess.

The Peck Order dismissed Peck's breach of contract claims because the claim would implicate Cingular's rates and was thus preempted by the FCA.  Peck, Order, docket no. 61, at 6.  Although the Peck complaint was substantially similar to the complaint in this case, the Peck complaint did not allege that the surcharge was collected in violation of the service agreement, only that it was charged in violation of R.C.W. 82.04.500.  See Peck, Complaint, docket no. 4.  The present complaint, on the other hand, alleges a breach of contract claim, separate from the R.C.W. violation, by alleging a collection of a surcharge in addition to and apart from the agreed rate.  Complaint, docket no. 1, ¶ 4.1.  Riensche, unlike Peck, also affirmatively alleges that Cingular did not disclose the surcharge.  Complaint ¶¶ 2.1, 2.6, 3.4, 3.6.2, 5.2.

The Hess Order did not dismiss similar breach of contract claims against Sprint.  Hess, Order, docket no. 58, at 6.  Judge Coughenour held that the Hess complaint alleged a breach of contract theory and whether the amount alleged to be charged in violation of the contract was labeled a B&O surcharge was immaterial.  Id.  When a cellular company bills a customer in violation of the customer's contract, such claims are not preempted by the FCA.  Id; see also In re Wireless Consumers Alliance, Inc., 15 F.C.C.R. 17021, 17035 (2000).

The Court holds that this complaint, like the Hess complaint, alleges a breach of contract claim independent of R.C.W. 82.04.500 and is therefore not preempted by the FCA.  Accordingly, the Court DENIES Cingular's motion to dismiss the breach of contract claim.

1  **Count II, Consumer Protection Act Claim**

2       Cingular argues that Riensche's Consumer Protection Act claim, R.C.W. 19.86.010 <u>et</u>

3  <u>seq.</u>, is also preempted by the FCA.  Cingular contends that the Riensche claim is

4  indistinguishable from the <u>Peck</u> claim with the exception of "a few passing references to

5  'failure to disclose'."  Mot. to Dismiss at 12.  The <u>Peck</u> order denied a CPA claim because

6  "nothing in the Complaint alleges that Cingular failed to disclose rates or taxes it charges to

7  consumers."  <u>Peck</u>, Order at 6 n.4.  The <u>Hess</u> order did not dismiss CPA claims because they

8  were not preempted under federal law.  <u>Hess</u>, Order at 7.  The Riensche complaint, similar to

9  the <u>Hess</u> complaint, does allege that Cingular failed to disclose the surcharge before it

10 appeared on customer's bills.  Complaint, ¶¶ 2.1, 2.6, 3.4, 3.6.2, 5.2.  The present CPA claim

11 cures the lack of a failure to disclose allegation that was fatal to the <u>Peck</u> claim.  The Court

12 therefore DENIES Cingular's motion to dismiss Riensche's CPA claim because it is not

13 preempted by the FCA.

14 **Count III, Declaratory Judgment**

15      Riensche seeks a declaratory judgment that Cingular's billing and collection of the

16 B&O surcharge violates R.C.W. 82.04.500.  R.C.W. 82.04.500 is preempted by the FCA,

17 and the Court therefore GRANTS Cingular's motion to dismiss Riensche's Declaratory

18 Judgment claim.

19 **Count IV, Unjust Enrichment**

20      Riensche claims that the collection of the B&O surcharge unjustly enriched Cingular.

21 Cingular advances no argument other than federal preemption of R.C.W. 82.04.500 for why

22 this claim should be dismissed.  Riensche may be able to prove a set of facts that show the

23 B&O surcharge unjustly enriched Cingular in a manner other than a violation of R.C.W.

24 82.04.500.  The Court therefore DENIES Cingular's motion to dismiss the unjust enrichment

25 claim.

26

**Motion to Strike**

Riensche moves to strike those portions of Cingular's Reply in Support of Motion to Dismiss, docket no. 27, that rely on the FCC's holding in <u>Second Report,</u> 20 F.C.C.R. 6448, which was vacated by the 11th Circuit's holding in <u>NASUCA</u>. <u>NASUCA</u>, 457 F.3d at 1256–57. Riensche asks that Cingular, as a party to <u>NASUCA</u>, be precluded from re-litigating the issue of preemption as decided in <u>Second Order</u>. The adverse determination of the agency's statutory construction by the Eleventh Circuit Court of Appeals is not binding on this Court in the present case. <u>Railway Labor Executives' Ass'n v. I.C.C.</u>, 784 F.2d 964 (9th Cir. 1986). Furthermore, applying offensive collateral estoppel in this case would harm the development of the law in the area of the FCA's preemption of local tax laws because it may prevent a circuit split from developing and deprive the Supreme Court of differing points of view on which to grant certiorari and render a decision. <u>See</u> <u>U.S. v. Mendoza</u>, 464 U.S. 154, 160–61 (1984) (holding that non-mutual collateral estoppel is not appropriate when used against the government because it would deprive the Court of several lower court perspectives before the Court grants certiorari). The Court therefore DENIES Rienche's motion to strike portions of Cingular's reply.

**Conclusion**

The Court GRANTS IN PART and DENIES IN PART Cingular's Motion to Dismiss for Failure to State a Claim, docket no. 24. The Court GRANTS IN PART Cingular's motion and DISMISSES Riensche's Count III, Uniform Declaratory Judgment Act and all other claims that the B&O surcharge violates R.C.W. 82.04.500 because the FCA preempts R.C.W. 82.04.500. The Court DENIES IN PART Cingular's Motion to Dismiss as related to Count I, Breach of Contract, and Count II, Violation of Consumer Protection Act, because these claims are not preempted by the FCA. The Court DENIES Cingular's Motion to Dismiss Count IV, Unjust Enrichment because this claim is not foreclosed by federal

1 preemption.  The Court DENIES Riensche's motion to strike portions of Cingular's reply,

2 docket no. 29.

3       IT IS SO ORDERED.

4       DATED this 22nd day of March, 2007.

5

6                         Thomas S. Zilly

7                         United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER   -8-