UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHAN RIENSCHE, individually and on behalf of all the members of the class of persons similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>CINGULAR WIRELESS LLC, a Delaware limited liability company, d/b/a Cingular Wireless, NEW CINGULAR WIRELESS SERVICES, INC., a Delaware corporation, d/b/a AT&T Wireless, NEW CINGULAR WIRELESS SERVICES PURCHASING COMPANY, L.P., a Delaware limited partnership, d/b/a Cingular Wireless, and NEW CINGULAR WIRELESS PCS, LLC, a Delaware limited liability company, d/b/a Cingular Wireless,<br><br>        Defendants. | C06-1325Z<br><br>MINUTE ORDER |

  The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

  (1) Plaintiff's Motion to Compel Answers to Plaintiff's Third Set of Interrogatories and Requests for Production, docket no. 66, is hereby GRANTED IN PART. Defendants are directed to supplement their responses to Interrogatory No. 10 and Requests for Production Nos. 16 through 19 with any materials relating to when, why, and how use of the "Customer Service Summary" was implemented in Washington. In all other respects, plaintiff's motion, including plaintiff's request for expenses and/or attorney's fees, is DENIED. <u>See</u> Fed. R. Civ. P. 37(a)(4)(A) (the Court need not award expenses incurred in making a discovery motion when "the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action" or "the opposing party's

MINUTE ORDER - 1

nondisclosure, response, or objection was substantially justified"). In the future, the parties shall conduct a separate, stand-alone, Rule 37 conference prior to the filing of any discovery motion.

(2) Defendants' Motion to Compel Deposition Testimony, docket no. 71, is hereby GRANTED. Defendants' motion concerns the depositions of plaintiff, Nathan Riensche, and witness, Jared Peck, who is the putative class representative in another pending suit against Cingular Wireless and who is also a client of plaintiff's counsel. The questions to which responses were not provided during the depositions fall into three categories: (i) questions concerning the ideation behind the lawsuits at issue;[1] (ii) questions concerning each deponent's knowledge of his own and the other deponent's case;[2] and (iii) questions concerning Mr. Peck's credibility.[3] Defendants are entitled to answers in all three categories of questions.

(3) In instructing Mr. Peck not to answer the third category of questions, plaintiff's counsel blatantly violated Fed. R. Civ. P. 30(d)(1) ("A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)."). Moreover, plaintiff's counsel does not appear to have had a good faith basis for instructing either deponent not to answer on grounds of attorney-client privilege. Pursuant to Fed. R. Civ. P. 37(a)(4)(A), plaintiff's counsel is hereby ORDERED to SHOW CAUSE why he should not be sanctioned for such behavior. Plaintiff's counsel shall have until September 5, 2007, to file a brief, if he wishes, in opposition to the imposition of sanctions. Defendants may file a response on or before September 11, 2007, and may include with such response an estimate of reasonable expenses, including attorney's fees, incurred in making their discovery motion. Plaintiff's counsel may file a reply on or before September 14, 2007. Plaintiff's counsel's initial brief

---

[1] Defendants' counsel asked Mr. Riensche, "How did you get involved in this case?" and "[W]as there never a point prior to a conversation between you and Mr. Breskin or another lawyer at which there was a question in your mind about the B&O surcharge on your Cingular bill?"  Exh. 1 to Johnson Decl. at 16:20, 17:24-18:2 (docket no. 71-3). Plaintiff's counsel improperly instructed Mr. Riensche not to answer. The requested responses are not protected by attorney-client privilege; rather, to the extent that Mr. Riensche did not, independently of counsel, formulate a concern or even a doubt about the B&O surcharge at issue, defendants are entitled to use such information to oppose class certification. See _Bodner v. Oreck Direct, LLC_, 2007 WL 1223777 (N.D. Cal.).

[2] Defendants' attorney asked Mr. Riensche, "Are you aware of the existence of a case called Peck versus Cingular?," and inquired of Mr. Peck whether he had "any understanding other than communications with your lawyer as to why the second lawsuit [Peck II] was filed." Exh. 1 to Johnson Decl. at 18:24-25; Exh. 3 to Johnson Decl. at 19:10-12 (docket no. 71-5). Contrary to plaintiff's counsel's position, to the extent the respective deponents have knowledge that is (i) independent of what was learned from counsel, or (ii) derived from counsel about the other deponent's case, such information is not protected by the attorney-client privilege.

[3] Defendants' attorney asked Mr. Peck about (i) the nature of his discharge from the military, (ii) discussions with his supervisor concerning his attendance at work, (iii) his criminal history and chemical dependency, and (iv) his use of a telephone identified as stolen after he quit working for Cellular Wireless. See Exhs. 6-9 to Johnson Decl. (docket nos. 71-8, 71-9, 71-10, & 71-11). With the exception of the military discharge issue, plaintiff's counsel objected to these questions on relevancy grounds and inappropriately directed Mr. Peck not to answer. Mr. Peck's credibility is a relevant issue. To the extent that answering questions might somehow violate a confidentiality agreement or incriminate him, Mr. Peck has procedural mechanisms available for his protection; however, refusing to answer questions is not one of them.

MINUTE ORDER - 2

and defendants' response shall not exceed six (6) pages in length. Plaintiff's counsel's reply, if any, shall not exceed three (3) pages in length. This order to show cause shall be noted for September 14, 2007.

(4) Upon completion of Mr. Riensche's deposition, the parties may file supplemental briefs, not to exceed six (6) pages, and supplemental declarations concerning the pending cross-motions for summary judgment and/or the pending motion for class certification. Any such supplemental briefs and declarations must be filed on or before September 20, 2007.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Filed and entered this 27th day of August, 2007.

BRUCE RIFKIN, Clerk

By  s/ Claudia Hawney
    Claudia Hawney
    Deputy Clerk

MINUTE ORDER - 3